# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CURTIS LEE WATSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case: 1:17-cv-00775 (G-Deck) <br> Assigned To : Unassigned <br> Assign. Date : 4/27/2017 <br> Description: Habeas Corpus/2255 |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* pleading titled "Pursuant Unjust Conviction Statute 28 U.S.C.S. § 1523." The Court construes the pleading as one making a collateral attack on his conviction in and sentence imposed by the Superior Court of the District of Columbia. As petitioner well knows, a claim of this nature must be raised in the Superior Court under D.C. Code § 23-110. *See Watson v. FCL Hazelton*, No. 3:16-CV-109, 2016 WL 7335640, at *2 (N.D.W. Va. Dec. 16, 2016); *Watson v. United States*, No. 1:15-CV-00867, 2015 WL 3619219, at *1 (D.D.C. May 29, 2015); *Watson v. Middlebrooks*, No. 1:09-CV-1682, 2009 WL 3163067, at *2 (D.D.C. Sept. 28, 2009). This petition "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal

4

courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration, and his apparent lack of success on a prior collateral attack on his conviction, *see* Pet., Ex. (Judgment, *Watson v. United States*, No. 14-CO-672 (D.C. Ct. of App. Mar. 30, 2015) (affirming Superior Court's denial of § 23-110 motion as procedurally barred as successive and for abuse of the writ)), does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

The Court grants the petitioner's application to proceed *in forma pauperis* and dismisses this civil action. An Order accompanies this Memorandum Opinion.

DATE: 4-14-17

United States District Judge